
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DOUG ALLEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN FEDERAL PRISON CAMP YANKTON,<br><br>　　　　　　Defendant. | 4:17-CV-04114-RAL<br><br><br>ORDER SCREENING<br>AND DISMISSING CASE |

　　　　On August 23, 2017, Doug Allen, an inmate at Yankton Federal Prison Camp in Yankton, South Dakota, filed a "Pro Se Motion for Recommendation for the Second Chance Act." Doc. 1. The Clerk of Court opened a file and docketed the letter as a new case filed under 28 U.S.C. 2241. Allen later sent a letter clarifying that he did not intend to sue the warden, but simply wanted a letter of recommendation from this Court for the prisoner reentry program administered by the Bureau of Prisons under the Second Chance Act of 2007. Doc. 4.

　　　　Allen was sentenced in the Northern District of Illinois on February 8, 2016 to 57 months in custody with BOP after being convicted of wire fraud, in violation of 18 U.S.C. 1343. *United States of America v. Doug Allen*, No. 12-CR-0567-2. His projected release date is June 30, 2019. *See Id.* at Doc. 235.

　　　　Allen filed his first "Pro Se Motion for Recommendation for the Second Chance Act" in the Northern District of Illinois. *Id.* at Doc. 233. The Honorable Ronald A. Guzman denied the motion. *Id.* at Doc. 236. At that time, Allen was confined at a BOP facility in Pekin, Illinois, and

the judicial district encompassing that institution is the Central District of Illinois. *Id.* at Doc. 235.

This court is required to "screen" prisoner complaints, such as this one, that seek redress from Government entities or employees. *See* 28 U.S.C. § 1915A. This court must dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). After reviewing Allen's motion, attachment, and letter, this Court concludes that Allen's motion fails to state a claim upon which relief may be granted. Allen fails to provide any basis for this Court's jurisdiction to make a recommendation. Indeed, 18 U.S.C. § 3621 grants the Bureau of Prisons sole authority to select place of confinement and limits the ability to make recommendations to the sentencing court. *See* 18 U.S.C. § 3621(b). This Court takes no position in whether Allen ought to be placed in a residential reentry center, knows very little about Allen's case, and defers that decision to the Bureau of Prisons. Therefore, it is

ORDERED that Allen's Pro Se Motion for Recommendation for the Second Chance Act is denied. It is further

ORDERED, ADJUDGED, AND DECREED that judgment of dismissal of this case hereby enters under Rules 54 and 58 of the Federal Rules of Civil Procedure.

DATED this 12th day of October, 2017.

BY THE COURT:

[signature]
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE